ORIGINAL TRACTOR CAB CO., Inc.,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. IP 67–C–307.

United States District Court
S. D. Indiana,
Indianapolis Division.

April 26, 1968.

Albert W. Zimmermann, Dunbar & Dunbar, Indianapolis, Ind., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., Donald R. Anderson, Stanley A. Greenblatt, Attys., Department of Justice, Washington, D. C., K. Edwin Applegate, U. S. Atty., Indianapolis, Ind., for defendant.

## MEMORANDUM OPINION

HOLDER, District Judge.

The captioned case was tried upon the issues of the complaint filed July 19, 1967, as amended December 4, 1967, and the answer thereto filed on September 25, 1967, as amended on December 4, 1967. Opening arguments, trial, final arguments, and arguments on briefs having been waived, the matter was submitted to the Court on the stipulation of the parties and the post-trial briefs, and the admissions contained in said pleadings, stipulations, and/or briefs.

On April 14, 1950, Clyde E. Clapper brought suit in the United States District Court for the Southern District of Indiana, Civil Number 2255, against the Original Tractor Cab Co., Inc. (hereinafter called "Original") for an alleged patent infringement. Original counterclaimed for misuse of patents and violations of the antitrust laws. Original also filed cross-claims against the licensees of Clapper. In December, 1954, Original and the licensees entered into an agreement whereby Original received $110,-000.00 as settlement of its claims against the licensees. In January, 1958, the United States District Court for the Southern District of Indiana, Indianapolis Division, found that the Clapper patent was invalid and that Clapper had violated the antitrust laws. The Court determined that Original was damaged in the amount of $27,611.35. This sum was

trebled under Section 4 of the Clayton Act to $82,834.05. The Court credited the $82,834.05 against the $110,000.00 that Original had received on the prior settlement. The Court also awarded $28,244.31 to Original as its attorneys' fees in the patent infringement cause of action. Clapper v. Original Tractor Cab Co., Inc., 165 F.Supp. 565 (S.D.Ind., 1958). On appeal, the United States Court of Appeals for the Seventh Circuit affirmed the decision of the District Court except that it found that the attorneys' fees in the patent infringement litigation should have been included as an element of damages in the antitrust cause of action and thereby trebled under the Clayton Act. Clapper v. Original Tractor Cab Co., Inc., 270 F.2d 616 (7th Cir., 1959), cert. denied 361 U.S. 967, 80 S.Ct. 588, 4 L.Ed.2d 547 (1960). Thus, the judgment awarded to Original included $27,611.35 (damages from loss of business) x 3 plus $28,244.31 (attorneys' fees in the patent infringement cause of action) x 3 for a total of $167,566.98. Original was then required to subtract the $110,000.00 it received from the licensees from this sum for a difference of $57,-566.98.

Original received said $57,566.98 in 1960. In its 1960 Corporate Income Tax Return, Original allocated said $57,566.-98 to the years in which the antitrust violations occurred. On October 29, 1965, the Commissioner of Internal Revenue assessed a deficiency against Original in the amount of $14,132.84 tax and $3,919.-05 interest. On November 3, 1965, Original paid the total deficiency plus interest in the amount of $18,051.89. Original filed a claim for refund on or about November 19, 1965, with the District Director of Internal Revenue at Indianapolis, Indiana, in the amount of $14,132.84 plus statutory interest. On July 11, 1966, Original executed a waiver of statutory notice of disallowance and filed a suit for refund on July 19, 1967, in this Court to recover $18,051.89 plus interest.

The issue in this case is whether the plaintiff: (1) should include said sum of $57,566.98 in its income for 1960 when said sum was received; or (2) should allocate said sum of $57,566.98 to the years in which the antitrust violations occurred pursuant to the provisions of Section 1306 of the Internal Revenue Code of 1954. The plaintiff asserts that said $57,566.98 should be allocated to the years in which the antitrust violations occurred because the $57,566.98 represents damages received as a result of an award in a civil action brought under Section 4 of the Clayton Act within the meaning of Section 1306 of the Internal Revenue Code of 1954. The defendant asserts that said $57,566.98 is included in the plaintiff's income for 1960 because said sum represents attorneys' fees or amounts received directly from an award of attorneys' fees and the allocation provisions of Section 1306 of the Internal Revenue Code of 1954 do not apply to amounts received for attorneys' fees or to amounts received directly from an award of attorneys' fees.

■ The Court has jurisdiction of the parties and of the subject matter of this action. The plaintiff has proved by preponderance of the evidence all of the essential elements and facts of the amended complaint. The plaintiff was awarded compensatory damages by this Court under its Amended Order dated June 10, 1960, as the result of a direction by the United States Court of Appeals for the Seventh Circuit under date of September 30, 1959, which compensatory damages were trebled in accordance with Section 4 of the Clayton Act. Against this threefold amount a credit of $110,-000.00 was credited as an amount previously paid by the co-conspirators. The net amount received, viz. $57,566.98, represents an award for violation of the antitrust law under Section 4 of the Clayton Act and, as such, may be reallocated pro rata over the period of violation pursuant to Section 1306 of the Internal Revenue Code of 1954. Section 4 of the Clayton Act provides that "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor * * * and shall recover threefold the

damages by him sustained, and the cost of suit, including a reasonable attorney's fee.". Original Tractor Cab Co., Inc., recovered $25,000.00 as reasonable attorneys' fees for the prosecution of its counterclaim for antitrust violations under this section. Plaintiff did not reallocate this amount, but properly included it in its income for the year 1960. The part of the award which plaintiff argues can be allocated under Section 1306 of the Internal Revenue Code is the $28,-244.31 expenses for attorneys' fees incurred in the defense of the patent infringement action brought against it by Clyde E. Clapper. The Seventh Circuit (Clapper v. Original Tractor Cab Company, Inc., 270 F.2d 616 (1959)) held that this amount "should [be] included in the compensatory damages sustained by defendants as a result of the antitrust violation". This amount was, therefore, trebled along with damages for loss of business "as an element of damages in the antitrust action".

Section 1306 of the Internal Revenue Code of 1954, as it was in force in 1960, provided:

"If an amount representing damages is received or accrued during a taxable year as a result of an award in, or settlement of, a civil action brought under section 4 of the Act * * *, for injuries sustained by the taxpayer in his business or property by reason of anything forbidden in the antitrust laws, then the tax attributable to the inclusion of such amount in gross income for the taxable year shall not be greater than the aggregate of the increases in taxes which would have resulted if such amount had been included in gross income in equal installments for each month during the period in which such injuries were sustained by the taxpayer."

Section 1.1306a–1(b) (1) of the Treasury Regulations (Title 26 C.F.R. Section 1.1306a–1) provides:

"For purposes of section 1306 and this section the term 'damages' means an amount awarded pursuant to a judgment * * * as the result of a civil action instituted under section 4 of the Act * * * for injuries sustained by the taxpayer in his business or property by reason of anything forbidden in the antitrust laws. The term 'damages' includes treble damages awarded under section 4 of the Act but it does not include attorneys' fees, interest or costs."

It appears to the Court that the exclusion of attorneys' fees in the regulation refers to non-trebled "reasonable attorney's fees" recoverable under Section 4 of the Clayton Act, but not to attorneys' fees incurred in the defense of a patent infringement action which are trebled as an element of "compensatory damages". The latter type of attorneys' fees were regarded by the Court to be in the same class as damages for loss of business such as finance expenses, advertising costs, and loss of potential sales, and were, therefore, trebled. The regulation clearly provides that "the term 'damages' includes treble damages awarded under Section 4 of the Act". The Court must conclude that the statement in the regulation that "the term 'damages' * * * does not include attorneys' fees", therefore, refers to the non-trebled attorney's fee incurred in the prosecution of the antitrust action under Section 4 of the Act. The law is with the plaintiff and against the defendant in all of the issues of the essential elements and facts of the pleadings based upon the facts as found by this Court. The Clerk is directed to enter judgment in accordance with these rulings; that the Federal Income Tax for the year 1960 be recalculated upon the basis of these rulings; that the plaintiff recover from defendant a refund of such taxes with the interest which it has overpaid, together with interest thereon at the rate of 6% per annum until repaid in accordance with the law; and that the cost of this action be assessed against the defendant.